IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
DEC 08 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Johnny Gil
   Plaintiff

vs

Dr. Saleh Obaisi
Dr. Aguinaldo
   Defendant

1:17-cv-08864
Judge Sharon Johnson Coleman
Magistrate Judge Young B. Kim
PC3

CIVIL Complaint

## CIVIL Complaint

Johnny Gil ("Plaintiff"), pro se, presently confined at Stateville Corrections (hereinafter "Stateville"), P.O. Box 112, Joliet, IL. 60434. Files this civil complaint under the civil Rights act Title 42, sec. 1983, against Dr. Obaisi and Dr. Aguinaldo and states that:

1.) This is a civil action seeking injunctive Relief and monetary damages against defendant's for committing acts contrary to law, which deprived plaintiff of his Rights guaranteed by the constitution and the civil Rights act, 42 U.S.C. 1983

(1)

## Parties

1.) Johnny Gil, plaintiff #A60881, is confined at Stateville, and a U.S. citizen.

2.) Defendant Dr. Saleh Obaisi (hereinafter "Obaisi") is the medical director at Stateville and is responsible for the staff he supervises and the medical treatment of plaintiff. Obaisi is an employee of Wexford Health Sources, Inc. Obaisi is being sued in his individual and official capacity.

3.) Defendant Dr. Aguinaldo (hereinafter "Aguinaldo") is a physician at Stateville and is responsible for the medical treatment of plaintiff. Aguinaldo is an employee of Wexford. Aguinaldo is being sued in his individual and official capacity.

## Jurisdiction

4.) This lawsuit is a civil rights action brought under 42 U.S.C. 1983 to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Mr. Gil by the Eighth Amendment of the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(3) and (a)(4).

(2)

## Venue

5.) Venue is proper within this judicial district under the provisions of 28 U.S.C. 1391(b) because a substantial amount of the events or ommissions giving rise to Mr. Gil's claims ocurred in the Northern District of Illinois.

6.) Mr. Gil has exhausted his administrative remedies reasonably available to him before bringing this 42 U.S.C. 1983 civil rights claims in accordance with the Prison Litigation Reform Act, 42 U.S.C. 1997(e)(a).

## Statement of Facts

1.) Upon information and belief, on April 28, 2017 plaintiff Johnny Gil while at Stateville, was jogging on the recreation yard he accidentially fell on the concrete track, hitting his middle finger on the concrete braking the middle finger.

2.) Upon information and belief, upon returning to his cellhouse Mr. Gil immediately put in for sick call. Upon see the nurse Mr. Gil was immediately taken to health care unit where he was seen by physician Dr. Aguinaldo. Dr. Aguinaldo determined that plaintiff was dislocated and scheduled

(3)

plaintiff for an x-Ray and to Reset his finger. Plaintiff wasn't given anything for the pain.

3.) Upon information and belief, on 5-2-17 mR. Gil was given an x-Ray.

4.) Upon information and belief, as a Result of the x-Ray of plaintiff finger DR. OBaisi the medical Director determine that Gil's finger was acctually BRoken. Yet OBaisi did nothing to set the finger nor give Gil pain meds.

5.) Upon information and belief, for over the next seven months plaintiff's finger was not treated, despite Gil's Repeated attempts to get treatment and numerous Request to be seen By a Bone doctors. As a Result plaintiff's finger has healed deformed leaving plaintiff in constant pain.

(4)

## Exhaustion of administrative Remedies

6.) Upon information and belief, plaintiff filed a grievance on 5-3-17 in regards to the lack of care give by defendants Aguinaldo and Obaisi regarding his broken finger, grievance was denied on the institutional level so plaintiff appealed to the administrative Review Board.

7.) On 8-25-17 administrative Review Board member Sarah Johnson denied plaintiff's appeal and acting Director of IDoc John R. Baldwin concurred in denial of plaintiff's appeal.

## Deprivation of Eighth amendment Rights Under 42 U.S.C. 1983 for Deliberate Indifference

8.) Gil realleges paragraphs 1 through 7 as if fully set forth herein.

9.) Defendants Obaisi and Aguinaldo, while acting under color of state law, and with deliberate, reckless, and/or callous indifference to Gil's constitutional rights, acted in a manner that evidenced deliberate indifference to the serious medical needs

(5)

arising from diagnosis of a broken finger, thus depriving Gil of protection from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

10.) Upon information and belief, when acting as Gil's treating physician, defendants Obaisi and Aguinaldo were acting in the ordinary course within the scope of their employment deliberately delayed plaintiff needed medical care.

11.) Upon information and belief, all defendants at a minimum acted with deliberate indifference to Gil's medical needs by failing to set Gil's broken finger, send plaintiff to a bone specialist thus causing broken finger to heal deformed.

12.) Upon information and belief, the actions or lack thereof, all defendants have caused Gil delay in treating broken finger and mental anguish, and have subjected Gil to cruel and unusual punishment in violation of the Eighth Amendment.

(6)

## Relief

Wherefore, Gil prays this Court to: Award injunctive Relief by immediately compelling defendants to send Gil to Orthopedic Specialist to treat deformed finger;

A.) Award compensatory damages from defendant's in amount to be determined by jury at trial;

B.) Award punitive damages for suffering mental anguish, pain suffering to body and mind to be determined by jury at trial;

C.) Cost of this suit and such other Relief this court deems just.

## Certification

By signing this complaint, I certify that the facts stated in this complaint are true and accurate to best of my knowledge information and belief.

Date: 12-1-2017

*Johnny Gill*
Johnny Gill A6088/D-758
P.O. Box 112
Joliet, IL. 60434

(7)