UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY GILL, | ) |
| Plaintiff, | ) Case No. 17-cv-8864 |
| v. | ) Judge Sharon Johnson Coleman |
| GHALIAH OBAISI, Independent Executor of the Estate of SALEH OBAISI, EUARISTO AGUINALDO, WALTER NICHOLSON, and WEXFORD HEALTH SOURCES, INC., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Johnny Gill, brings this suit against defendants Wexford Health Sources, Inc., Walter Nicholson, Euaristo Aguinaldo, and Ghaliah Obaisi, as the executor of the estate of former Stateville Correctional Center Medical Director Dr. Saleh Obaisi. Gill alleges that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment after he fractured his right ring finger. Wexford and Obaisi now separately move to dismiss Gill's claims against them. For the reasons set forth herein, Obaisi's partial motion to dismiss [57] is granted and Wexford's motion to dismiss [53] is granted in part and denied in part.

**Background**

The following facts are taken from Gill's complaint and are accepted as true for the purpose of the present motions. Gill, an inmate at the Stateville Correctional Center, fell and injured his right ring finger on April 28, 2017. After the injury, Gill's right ring finger was black and blue, swollen, and seemingly dislocated. On April 29, 2017, Gill saw Dr. Aguinaldo, who ordered an x-ray of his injured finger and gave him a splint to wear. Although Gill was experiencing severe pain, Dr. Aguinaldo did not provide Gill with pain medication or attempt to re-align his finger to ensure that

1

it would heal properly. Dr. Obaisi examined Gill three days later and x-rayed Gill's injured finger. The x-ray showed that Gill had a displaced fracture of the proximal phalanx of his right ring finger, meaning that his bone was broken in separate pieces that were no longer lined up. Dr. Obaisi referred Gill to the Dreyer Medical Clinic for evaluation but did not attempt to realign Gill's finger.

Gill was examined by the Dreyer Medical Clinic three days later. The examination confirmed that Gill had a closed displaced fracture of the proximal phalanx of his right ring finger. The Dreyer Medical Clinic instructed Gill to return in three weeks for follow-up treatment and x-rays. Despite repeated requests from Gill, however, a follow-up appointment at the Dreyer Medical Clinic was never scheduled. Gill continued to suffer from pain from his finger, which was swollen and had a limited range of motion, but Dr. Obaisi did not attempt to reset or realign the finger despite being made aware of Gill's condition during multiple medical visits. Gill's finger still had not been reset twenty months after his initial injury, leaving his finger swollen and disfigured and causing Gill unnecessary pain and limitation of his movement and function.

**Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). The allegations must contain enough factual materials that plausibly suggest a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

As an initial matter, the Court notes that Gill has filed his complaint against both Wexford and against Dr. Obaisi in his official capacity. It is well established that when claims are brought

against both an individual acting in his official capacity and a government entity, the claim against the official is redundant and should be dismissed. *Brown v. Chicago Board of Educ.*, 973 F.Supp.2d 870, 875 (N.D. Ill. 2013) (Chang, J.) (citing *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987)). Accordingly, the Court will dismiss Gill's official capacity claim against Dr. Obaisi.

A plaintiff can hold governmental agencies or policymaking officials liable under 42 U.S.C. § 1983 if he suffers from constitutional injuries as a result of an official policy, practice, or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A for-profit company that provides health care in prisons is a government agent for purpose of section 1983 liability. *Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010). To state a viable *Monell* claim, a plaintiff must allege that his injury was a result of (1) an express policy that caused a constitutional deprivation, (2) a widespread practice that, although without express authorization, is so permanent as to constitute a custom or usage with the force of law, or (3) an action of a person with final policymaking authority. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008).

Gill alleges that Wexford receives flat payments based on inmate population and therefore has a profit incentive to provide as little health care to inmates as is possible. This incentive, Gill alleges, has resulted in a policy, practice, or custom of deliberately postponing or refusing treatment at off-site facilities in order to reduce prisoners' medical costs. This assertion is facially plausible given Wexford's alleged failure to adequately treat Gill's injury or to conduct the required follow-up appointment. It is also supported by Gill's reference to other cases alleging the existence of a similar policy of cost-cutting.[1] *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016); *see also Steele v. Wexford Health Sources, Inc.*, No. 17 C 6630, 2018 WL 2388429, at *7–8 (N.D. Ill. May 25, 2017) (Durkin, J.). Gill has accordingly stated a *Monell* claim based on a policy, practice, or procedure.

---

[1] As the Court has previously noted, the practice of effectively incorporating other cases into a complaint by reference is not to be encouraged. Nevertheless, the difference between specifically alleging facts relevant to other cases and invoking the allegations made in those cases is de minimis.

Gill separately contends that Dr. Obaisi was a final decisionmaker for purposes of *Monell* liability and is therefore liable in his official capacity. Gill's allegations in this case, however, do not establish that Dr. Obaisi had final policymaking authority in the relevant sense. Gill adequately alleges that Dr. Obaisi had the final say on his treatment plan and was thus the final decisionmaker regarding his care. That, however, does not establish that he was the final policy-maker responsible for establishing the unconstitutional cost-cutting policies that Gill complains of here. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). Although it might be true that Dr. Obaisi received delegated policymaking authority in his role as Statesville's Medical Director, the only allegations concerning Dr. Obaisi's role assert that Dr. Obaisi was responsible for "carrying out" Wexford's policies and procedures, an assertion which contradicts treating Dr. Obaisi as a final policy-maker. The Court therefore concludes that Gill has failed to state a claim based on Dr. Obaisi's role as a final decisionmaker.

**Conclusion**

For the foregoing reasons, Dr. Obaisi's partial motion to dismiss [57] is granted and Wexford's motion to dismiss [53] is granted in part and denied in part. Gill's official capacity claim against Dr. Obaisi and his section 1983 claim against Wexford based on Dr. Obaisi's role as a final decisionmaker are dismissed without prejudice.

IT IS SO ORDERED.

Date: 7/26/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge